UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANET DAVIS,

                      Plaintiff,

   vs.                                                   5:16-CV-1337
                                                                (TJM/ATB)

KENNETH LUFT, et al.,

                      Defendants.
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## ORDER

    Plaintiff Janet Davis filed her Complaint on November 8, 2016. See dkt. # 1. Plaintiff's Complaint arose from her arrest on February 26, 2016, when she was working as Branch Manager at a Key Bank in Johnstown, New York. According to the Complaint, Plaintiff's arrest came after a Key Bank employee and Plaintiff, as manager, refused to return a debit card to Defendant Lois McRedmond. Plaintiff had enforced a Key Bank policy in that respect, but eventually found herself the subject of a criminal complaint that Defendant McRedmond swore out. Police arrested the Plaintiff and charged her with a felony. The Fulton County District Attorney later dismissed the charge. Plaintiff's Complaint and Amended Complaint raised claims of false arrest and malicious prosecution under both state and federal law against Defendant McRedmond and federal claims against the other Defendants, who were municipal employees. The Court has

recently been informed that the parties have settled all claims in the case except those against Defendant McRedmond, and the Court has signed stipulations of dismissal for all Defendants except McRedmond.  See dkt. #s 66-67.

The Court issued summons on November 8, 2016.  See dkt. # 2.  Plaintiff filed an affidavit of service for all Defendants, including McRedmond, on December 1, 2016.  See dkt. # 4.  All Defendants, except Defendant McRedmond, answered the Complaint.  See dkt. # 5.  After Plaintiff filed an Amended Complaint on April 13, 2018 with the consent of the Defendants who had answered the Complaint, all Defendants except McRedmond answered.  See dkt. # 35.  Eventually, the answering Defendants filed a motion for summary judgment, which the Court granted in part and denied in part on August 15, 2019.  See dkt. # 49.  Plaintiff had also filed a motion for default judgment against Defendant McRedmond, which the Court denied without prejudice because Plaintiff failed to secure an entry of default before filing her motion.  Id.  Plaintiff eventually, on July 13, 2020, secured an entry of default.  Id.  Plaintiff then filed the instant motion.  See dkt. # 64.  Defendant McRedmond did not respond.

"[A] default is an admission of all well-pleaded facts against the defaulting party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004).  "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the

2

defendant is afforded an opportunity to contest the amount claimed." Cement Workers Dist. Council, 699 F.3d at 234.  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence based upon evidence presented at a hearing or upon review of detailed affidavits and documentary evidence."  Id.

Here, the Plaintiff agrees that a hearing is necessary to determine the amount of damages owed by McRedmond to the Plaintiff. The Court agrees.

As such, the Plaintiff's Motion for Default Judgment against Defendant McRedmond, dkt. # 64, is hereby **GRANTED**.  The Court will schedule a hearing to determine the amount of damages to which Plaintiff is entitled.

**IT IS SO ORDERED.**

Dated: January 14, 2021

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

3